WEST PATERSON SAND AND GRAVEL COMPANY, A NEW JERSEY CORPORATION, APPELLANT, v. GREAT NOTCH CORPORATION, A NEW JERSEY CORPORATION, RESPONDENT.

Submitted May 29, 1930—Decided February 2, 1931.

For the appellant, *Kimmel & Kimmel.*

For the respondent, *Harley, Cox & Walburg.*

The opinion of the court was delivered by

LLOYD, J.   The plaintiff below brought an action in trover to recover damages for the alleged wrongful conversion of three electric conveyors located on premises in West Paterson, which premises had been conveyed to the defendant. The litigation was the outcome of negotiations and their consummation by a written agreement and the conveyance already mentioned.   The agreement was one to convey the specified premises and contained the following clause:

"Gas and electric fixtures, gas stoves, hot water heaters and chandeliers, carpets, linoleums, mats and matting in halls, screens, shades, awnings, ash cans, heating apparatus

if any, and all other personal property appurtenant to or used in the operation of said premises is represented to be owned by seller and is included in this sale."

The agreement was made on the 18th of March, 1929, and a deed purporting to convey the land with its appurtenances to the defendant was executed on the thirtieth of the same month. No mention was made in the deed of any of the personal property. In this situation the plaintiff below claimed that the written agreement was merged in the deed; that the contract could not be interpreted to include the conveyors; that there was no proof that the conveyors were being used in the operation of the premises, and moved the court for the direction of a verdict in its favor. The motion was denied, and a verdict in favor of the defendant resulted. The plaintiff appeals, urging the ruling on the motion for direction and certain alleged trial errors as grounds for reversal.

The plaintiff at the time of the making of the agreement was the owner of five acres of land which had been opened and operated as a sand pit. There was proof that these three conveyors had been used by the plaintiff in this operation and left on the premises.

We think the motion to direct a verdict was without merit. It is quite clear that the contract, coupled with the delivery of possession, was sufficient to transfer the title to all of the personal property described in the clause already cited. It is signed by both parties, and recites in the present tense that the "personal property described and all other personal property appurtenant to or used in the operation of the premises is owned by the seller and is included in this sale." It was obviously intended that it suffice for the purpose and that a formal deed for the real estate alone should be subsequently executed. The deed contained no reference to the personal property, either the conveyors or other articles on the premises that might be so classified, and was not intended to be the vehicle of their transfer, but was in fulfillment of that specific portion of the agreement calling for the conveyance on or before the 18th of April, 1929, of the real estate described.

The rulings on questions asked during the trial which are made the basis of appeal either had to do with the question of whether these conveyors were used in the operation of the premises or with the cross-examination of the plaintiff's witness Shapiro. It would serve no useful purpose to go over these in detail. It is sufficient to say that the questions first referred to were relevant to such use of the conveyors, and the direct examination of the witness Shapiro justifies the questions propounded on cross-examination. The charge of the court was in line with the ruling as to the effect of the deed upon the written agreement, and as we have already held that the written agreement was not merged in the deed but was sufficient of itself to transfer the conveyors (if appurtenant to or used in the operation of the sand pit), there was no error.

The judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.